UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
AHMAD MOHAMMED ABDULLAHI,                       :

            Plaintiff,                         :
                                                   MEMORANDUM ORDER

   -against-                                :
                                                 22 Civ. 10351 (PGG) (GWG)

STERLING INFOSYSTEMS, INC.,                     :

            Defendant.                         :
-----------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

      Plaintiff Ahmad Mohammed Abdullahi brought this case alleging damages relating to defendant Sterling Infosystems' inclusion of incorrect information on a background check. See Docket # 1 ("Compl."). Plaintiff now moves for a protective order under Fed. R. Civ. P. 26(c) to prevent defendant from enforcing a subpoena issued to his current employer, Midwest Quality Home Care, Inc. ("Midwest"), seeking testimony and documents, including plaintiff's "entire personnel file." Docket # 41 ("Abdullahi Let."), at 1. Defendant opposes the motion. See Docket # 42 ("Sterling Let.").[1]

      Fed. R. Civ. P. 26(b)(1) allows the parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." As an initial matter, we note that defendant overstates this standard in arguing that discovery may be obtained as to matters that "reasonably could lead to other matter that could bear on any issue that is or may be in the case." Sterling Let. at 3 (citation omitted). A party's ability to obtain discovery of material that is "reasonably calculated to lead to the discovery of admissible evidence" was eliminated in the 2015 amendments to Rule 26 because it had been "used by some, incorrectly, to define the scope of discovery." Fed. R. Civ. P. 26 (2015 Advisory Committee Notes). Under the rule as it is currently written, discovery is limited to matters that are "relevant" to a claim or defense and "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

      Further, a court "must limit the frequency or extent of discovery . . . if it determines that . . . the discovery sought . . . can be obtained from some other source that is more convenient,

---

[1] Defendant represents that plaintiff failed to meet and confer with defense counsel regarding this motion. See Sterling Let. at 1-2. We agree with defendant that, if its representations are accurate, plaintiff failed to comply with the Individual Practices of Judge Gardephe. However, because defendant has been fully heard on the issues raised by plaintiff and because it seems unlikely that any conferral would resolve the dispute, we will not require the parties to engage in the conferral process.

1

less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).  Additionally, Fed. R. Civ. P. 26(c)(1) provides that the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Such a protective order may "forbid[] inquiry into certain matters, or limit[] the scope of disclosure or discovery . . . ."  Fed. R. Civ. P. 26(c)(1)(D).  "[T]he party seeking a protective order has the burden of showing that good cause exists for issuance of that order."  Gambale v. Deutsche Bank AG, 377 F.3d 133, 142 (2d Cir. 2004).

Plaintiff argues that defendant's subpoena will endanger his current position by revealing the false background check information to his current employer, and that in any event the subpoena seeks information irrelevant to any claim or defense in this case.  Abdullahi Let. at 2-3.  Defendant argues that no such risk exists and responds that the information sought is relevant inasmuch as it may provide information regarding plaintiff's "job performance," "earnings history," "ability to work a second job," "efforts [or] ability to work additional hours or full-time for Midwest," and "whether [p]laintiff's alleged 'emotional distress' carried over to work."  Sterling Let. at 2-3.  We reject defendant's arguments.

Plaintiff's claim here centers on the allegation he lost a second job he had been accepted for due to a background check conducted by Sterling, see Compl.; Abdullahi Let. at 1, which Sterling concedes included incorrect information, e.g., Sterling Let. at 2 (Sterling "confirmed the record did not belong to [p]laintiff").  We do not see how plaintiffs current job performance and earnings history are relevant to this claim or to any potential defenses to that claim.  The Court further doubts that what "[p]laintiff allegedly needed to make to support his family," id. at 3, has much if any relevance to this litigation and the notion that the answer may be found in plaintiff's current employer's records is fanciful.

As for plaintiff's claims of emotional distress, we have been provided with no non-speculative reason to believe Midwest's files would contain information relevant to such claims.  We also find speculative that something in the current employer's records would show plaintiff's "ability to work a second job."  Certainly any possibility of finding such evidence is far outweighed by the burden imposed on plaintiff in having his employer respond to subpoena in this litigation — an event that an employer would understandably find to be engendered by its employee's actions in bringing a lawsuit.

The question of whether plaintiff could have worked additional hours or full time at his current employer is relevant to a defense in this case as it goes to the mitigation of plaintiff's claim for lost wages.  See Abdullahi Let. at 1 (listing damages claims).  Once again, however, we find that plaintiff would be unduly burdened by inquiries to his current employer as it would risk affecting the employer-employee relationship.

We note that the burden imposed on a plaintiff when a present employer is subpoenaed has been recognized by courts where a prior employer is being sued.  In such cases, "[c]ourts within the Second Circuit have recognized that drawing a present employer into a dispute

involving a plaintiff's prior employer can have negative effects on the plaintiff's employment. For this reason, they typically require relevant information about subsequent employment to be obtained through less intrusive means; usually, through the plaintiff." Abdelsayed v. N.Y. Univ., 2019 WL 2336533, at *2 (S.D.N.Y. June 3, 2019); accord Warnke v. CVS Corp., 265 F.R.D. 64, 69 (E.D.N.Y. 2010) ("[C]ourts within the Second Circuit have recognized that [b]ecause of the direct negative effect that disclosures of disputes with past employers can have on present employment, subpoenas in this context, if warranted at all, should be used only as a last resort.") (quotation omitted).  We find that similar considerations apply here.

Our conclusion that the balance must be struck in favor of the plaintiff rests additionally on the fact that plaintiff will be available to answer questions under oath regarding the requested matters (to the extent they have any relevance).  At this stage, we find this is sufficient to meet defendant's need for relevant information and would not carry the risk associated with subpoenaing plaintiff's current employer.  Thus, it is a "less burdensome" form of discovery that will not deprive defendant of information relevant to its defenses, see Fed. R. Civ. P. 26(b)(C), and one that will not subject plaintiff to the burden or embarrassment he identifies as a concern, see Fed. R. Civ. P. 26(c)(1).  Obviously, if something is revealed during further discovery in this matter that justifies a modification of the requested protective order, defendants will be free to bring it to the Court's attention.

Accordingly, plaintiff's motion for a protective order (Docket # 41) is granted and the subpoena is quashed.

SO ORDERED.

Dated: August 24, 2023
   New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge